**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00028

UNITED STATES OF AMERICA,

   Plaintiff,

v.

4.   EBER URIEL PEREZ-RAMIREZ,

   Defendant.

_____

**ORDER ON MOTION FOR RECONSIDERATION**
_____

THIS MATTER is before the Court on Eber Uriel Perez-Ramirez's Motion for Release on Bail Pending Charges [#271] (the "Motion") which asks this Court to reconsider its previous detention order [#119] and release Mr. Perez-Ramirez on conditions of pretrial release.  The government has responded to the Motion.  [#287] The Court has reviewed the Motion, the Response, the Pretrial Services Report, and the entire case file, and has determined that it may resolve the Motion without a hearing.  For the following reasons, the Motion is **DENIED**.

**I.   BACKGROUND**

Mr. Perez-Ramirez is charged by Superseding Indictment with: (1) conspiracy to distribute and possess with intent to distribute methamphetamine, cocaine, fentanyl, and heroin (Count 2), (2) three counts of distribution and possession with intent to distribute methamphetamine (Counts 32, 35 and 41), and (3) attempted possession with intent to distribute methamphetamine (Count 50).  [*See generally* #72; *see also* #72-4]  Each

count carries a mandatory minimum ten-year prison term, with a possibility of life in prison. [*See id.*]

On February 19, 2020, this Court held a detention hearing for Mr. Perez-Ramirez. [#119] Mr. Perez-Ramirez did not contest detention. [*Id.*] Because the Superseding Indictment provided probable cause to believe that Mr. Perez-Ramirez had committed an offense proscribed by 18 U.S.C. § 3142(e)(3), a rebuttable presumption arose that no condition or combination of conditions would reasonably assure his appearance or the safety of the community. [*Id.*] Because Mr. Perez-Ramirez did not contest detention, he failed to rebut that presumption and the Court ordered him detained. [*Id.*]

On April 6, 2020, Mr. Perez-Ramirez filed the instant Motion. [#271] The Motion asks the Court to reconsider its detention order and release Mr. Perez-Ramirez on conditions of pretrial release. [*Id.*] The Motion relies primarily, though not entirely, upon the risks posed by COVID-19 to pretrial detainees. [*Id.*] On April 17, 2020, the government filed a response in opposition to the Motion. [#287]

**II.     ANALYSIS**

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community.[1]  18 U.S.C. § 3142(f).

---

[1] The Court will assume without deciding that the emergence and spread of COVID-19 constitutes a changed circumstance justifying a reconsideration of the Court's previous order of detention.

2

The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence. *Id.*

If there is probable cause to believe that the defendant committed an offense proscribed by 18 U.S.C. § 3142(e)(3), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The defendant has been charged by Indictment with a violation of the Controlled Substances Act for which the maximum term of imprisonment exceeds ten years. As a result, the presumption applies. 18 U.S.C. § 3142(e)(3)(a).

The presumption favoring detention can be rebutted; however, even if rebutted, the congressionally mandated presumption remains a factor to consider in assessing whether there is any condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community. *See United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Motion briefly addresses these factors. It asserts that Mr. Perez-Ramirez is married to a United States citizen, has children who are United States citizens, and has siblings residing in Colorado. [#271, 2] It further maintains that Mr. Perez-Ramirez can work for his brother. [*Id.* at 3] But, as the government argues, Mr. Perez-Ramirez is a Mexican national without legal status. [#287, 8] As a result, his brother's promise to employ Mr. Perez-Ramirez is illusory since any employment would be a violation of law. Moreover, while Mr. Perez-Ramirez claims to have lived in Colorado for the last twenty years [#271, 2], he refused to interview with Pretrial Services [#214], so that assertion remains unverified and the Court is unable to ascertain whether Mr. Perez-Ramirez retains familial ties in Mexico. Thus, while Mr. Perez-Ramirez may have some ties to Colorado, and even acknowledging Mr. Perez-Ramirez's lack of previous criminal

activity, the Court nonetheless finds those ties and lack of criminal record insufficient to rebut the presumption.

With respect to the seriousness of the offense and the strength of the evidence, the Motion acknowledges that Mr. Perez-Ramirez is alleged to have delivered methamphetamine to confidential informants on two occasions. [#271, 2]  The Motion makes no attempt to discredit this allegation but appears instead to minimize the activity by stating that "Mr. Perez-Ramirez was the romantic companion of Ms. Vallejo-Gallo, the target of this investigation."[2] [*Id.*]  But, even if Mr. Perez-Ramirez was the romantic companion of the investigation's target, the Court does not see how that fact undermines Mr. Perez-Ramirez's conduct in furtherance of the conspiracy.  Indeed, as detailed in the government's response, it appears that Mr. Perez-Ramirez had extensive involvement in the alleged conspiracy.  [#297, 4-8]  And, it appears that the government has a strong case against Mr. Perez-Ramirez, including video- and audio-recorded controlled purchases and wiretap communications.  [#297, 4-8]  Thus, the second and third factors support detention.

With respect to the fourth factor, the Court again acknowledges Mr. Perez-Ramirez's lack of prior criminal history.  Nonetheless, the allegations in this case are serious and the evidence suggests that Mr. Perez-Ramirez played a substantial role in the conspiracy.  Thus, once again, the Court does not find Mr. Perez-Ramirez's lack of criminal history sufficient to overcome the presumption.

---

[2] It is unclear if Ms. Vallejo-Gallo is the same individual that Mr. Perez-Ramirez was married to and whom Mr. Perez-Ramirez relies upon as a tie to this community.  If so, the fact that Ms. Vallejo-Gallo is also currently detained [#114] would seem to undermine that tie to the community.

Perhaps recognizing that Mr. Perez-Ramirez cannot overcome the presumption through an analysis of the factors set forth in the Bail Reform Act—as he appears to have conceded by not challenging detention initially—the bulk of the Motion focuses on COVID-19 and the danger that the virus poses to pretrial detainees. The Court is sympathetic to that danger. But, "the Court cannot abandon its function in assessing whether or not there are conditions or combination of conditions that can be imposed to reasonably assure the Defendant's presence or the safety of the community." *United States v. Lake*, No. 19-cr-00500-RM, 2020 WL 1852435, at *3 (D. Colo. April 13, 2020). For the reasons outlined above, the Court finds that there are no conditions or combination of conditions that the Court can impose to assure Mr. Perez-Ramirez's presence or the safety of the Community. Thus, to the extent the Motion seeks Mr. Perez-Ramirez's pretrial release, the Motion is **DENIED**.

Alternatively, the Motion asks the Court to impose certain conditions upon Mr. Perez-Ramirez's pretrial confinement—such as maintaining safe distances from other inmates, regular cleaning of his cell, and regular cleaning of his clothes—to attempt to reduce the likelihood of the spread of the virus. [#271, 16-17] The Motion does not provide any basis for the Court's authority to impose such conditions of confinement [*id.*], and as the government notes, it would appear that Mr. Perez-Ramirez would need to pursue a civil action to challenge the conditions of his pretrial confinement. [#287, 14-16 (collecting cases)] In any event, absent some citation to this Court's authority to order the United States Marshals to impose the conditions of confinement sought by Mr. Perez-Ramirez, the Court is not inclined to do so. Accordingly, to the extent the Motion

seeks an Order requiring the United States Marshals to impose the pretrial confinement protocol sought by the Motion, the Motion is **DENIED**.

Thus, for the reasons outlined herein, Mr. Perez-Ramirez's Motion for Release on Bail Pending Charges [#271] is **DENIED**.

DATED: April 20, 2020                                             BY THE COURT:

                                                                  s/ Scott T. Varholak
                                                                  Scott T. Varholak
                                                                  United States Magistrate Judge